**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **WILLIAM D. SUDDUTH, etc.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION 07-0436-WS-C** |
| | ) |
| **EQUITABLE LIFE ASSURANCE** | ) |
| **SOCIETY, etc., et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to remand.  (Doc. 5).  The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 1, 5, 7, 8), and the motion is ripe for resolution.  After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion to remand is due to be denied.

## BACKGROUND

The plaintiff filed this action in the Circuit Court of Marengo County in November 2006.  The two corporate defendants removed on the basis of diversity, claiming that Dana McCants — like the plaintiff a citizen of Alabama — was fraudulently joined. (Civil Action No. 06-0814-WS-C).  The Court granted the plaintiff's motion to remand after concluding that, given the assertions in the plaintiff's affidavit, the defendants had not met their burden on this issue.  (*Id.*, Doc. 19).  Back in state court, the corporate defendants obtained the plaintiff's deposition and, based on his testimony concerning his claims against McCants, removed a second time, again arguing that McCants was fraudulently joined.

**DISCUSSION**

The plaintiff argues that the removal is procedurally defective and that the defendants have not met their burden of showing fraudulent joinder. The defendants challenge both propositions.[1]

**I. Procedural Challenges.**

The plaintiff identifies two procedural deficiencies: (1) that removal cannot be based on a deposition transcript; and (2) that removal cannot be attempted twice on the same ground. The Court considers these objections in turn.

**A. Deposition as "Other Paper."**

"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable ...." 28 U.S.C. § 1446(b) (emphasis added). The plaintiff argues that a deposition transcript is not an "other paper" under this rule and so cannot support removal. (Doc. 5 at 5-12, 16-19.) The only three courts of appeal known to have addressed the issue, however, have all concluded that a deposition transcript does fall within the "other paper" language of Section 1446(b). *Peters v. Lincoln Electric Co.*, 285 F.3d 456, 466 (6th Cir. 2002); *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). This is also the majority view among the district courts.

---

[1]"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). The Court therefore confines its consideration to those arguments the parties have elected to assert expressly.

*Peters*, 285 F.3d at 466; *Huffman*, 194 F.3d at 1078.[2]

　　The plaintiff, however, insists that the rule must be different in the Eleventh Circuit. This argument stems from *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252 (5th Cir. 1961), in which the Court stated that an action initially non-removable "cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff." *Id*. at 254 (internal quotes omitted). No known decision has ever employed *Gaitor* for the proposition that a plaintiff's deposition transcript does not constitute "other paper" under Section 1446(b). The plaintiff trumpets *Crews v. National Boat Owners Association Marine Insurance Agency, Inc*., 2006 WL 902269 (M.D. Ala. 2006), but *Crews* held only — and unremarkably — that affidavits *from co-defendants* could not be construed as involving a voluntary act by the plaintiff. *Id*. at *4.

　　It is clear that *Gaitor* presents no impediment to treating a deposition transcript as "other paper." In *S.W.S. Erectors*, the Fifth Circuit (which shares *Gaitor* as a common precedent with the Eleventh) acknowledged the quoted language from *Gaitor* and concluded that a plaintiff's deposition transcript satisfied it. 72 F.3d at 494; *see also Addo v. Globe Life & Accident Insurance Co.*, 230 F.3d 759, 761 (5th Cir. 2000) (construing *S.W.S. Erectors*). The Eleventh Circuit itself has held that a plaintiff's responses to requests for admission constitute "other paper" under Section 1446(b), *Wilson v. General Motors Corp*., 888 F.2d 779, 782 (11th Cir. 1989),[3] a result it could not have reached if *Gaitor* controlled and precluded a plaintiff's discovery responses from being considered voluntary under that case.

　　Undeterred, the plaintiff suggests that district courts within Alabama have formed

---

　　[2]The plaintiff's contrary assertion, (Doc. 5 at 16), is unsupported by any citation to authority.

　　[3]*Accord Lowery v. Alabama Power Co*., 483 F.3d 1184, 1212 n.62 (11th Cir. 2007).

a consensus that a deposition transcript is not "other paper" for removal purposes.  (Doc. 5 at 16).  In fact, of the three judges known to have clearly addressed the issue, two have ruled just the opposite.  *Compare Shields v. Washington National Insurance Co.*, 375 F. Supp. 2d 1346, 1349 (M.D. Ala. 2005) (Albritton, J.) (deposition transcript constitutes "other paper") *and Brooks v. Solomon Co.*, 542 F. Supp. 1229, 1230-31 (N.D. Ala. 1982) (Propst, J.) (same) *with Harrell v. Reynolds Metals Co.*, 599 F. Supp. 966, 970 (N.D. Ala. 1985) (Acker, J.) (deposition transcript is not "other paper").

Ultimately, the resolution of this issue does not turn on a tabulation of the cases for and against but on the state of controlling law and, to the extent it is silent, the persuasiveness of other cases.  On both counts, the defendants have the upper hand.  As noted, the Eleventh Circuit has held that a plaintiff's responses to requests for admission fall within the category of "other paper" under Section 1446(b).  *Wilson*, 888 F.2d at 782.  The plaintiff has offered, and the Court has discerned, no principled way to distinguish a plaintiff's responses to requests for admission from his responses to deposition questions.  Both provide information directly from the plaintiff about his case; both represent formal discovery of the plaintiff; both are equally voluntary under *Gaitor*; and neither is filed in state court as a matter of course.  *See* Ala. R. Civ. P. 5(d).

As for rationale, "[t]he intent of § 1446(b) is to 'make sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists.'"  *Peters*, 285 F.3d at 466 (quoting *Huffman*, 194 F.3d at 1077).  Moreover, "'holding that a plaintiff's deposition testimony may be an "other paper" under § 1446(b) is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff is alleging a federal claim.  Further, this holding discourages disingenuous pleading by plaintiffs in state court to avoid removal.'"  *Id.* (quoting *Addo*, 230 F.3d at 762).  That is, allowing a deposition to serve as "other paper" both upholds  defendants' right to remove and honors Section 1446(b)'s strict time limit on its assertion, while at the

same time it discourages game-playing by plaintiffs willing to hide their true intentions and knowledge behind artful pleading. This latter consideration dovetails nicely with the Eleventh Circuit's observation that Congress did not hand plaintiffs a "bag of tricks to overcome" the protections it gave defendants concerning removal. *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005).[4]

The plaintiff ignores these cases. Instead, he cites *Mill-Bern Associates, Inc. v. Dallas Semiconductor Corp*., 69 F. Supp. 2d 240, 242-44 (D. Mass. 1999), for the proposition that, because pleadings, motions and orders are "formally filed and served," the rule of ejusdem generis requires that the scope of "other paper" be similarly limited. (Doc. 5 at 17-18). The Court agrees that an "other paper" must "shar[e] some common characteristic or quality with the other terms in the series," 69 F. Supp. 2d at 242, but would focus on different measures of similarity. Pleadings and motions also share the common characteristic of having been created by the plaintiff for use in the litigation, and this is true as well of deposition testimony and other discovery responses (and settlement proposals).[5] They thus provide assurances of deliberateness and formality comparable to those accompanying pleadings and motions. At any rate, *Wilson*'s holding that responses to requests for admission constitute "other paper" forecloses the *Mill-Bern* standard in this circuit.[6]

------

[4]The "trick" in this situation would be to avoid removal by filing a vague complaint (or, as here, win remand with a vague affidavit), secure in the knowledge that even discovery responses patently establishing a basis for federal jurisdiction would not enable the defendant to remove.

[5]Orders — since they derive from the court rather than the plaintiff — do not share this characteristic. However, Section 1446(b) "has been widely interpreted as preserving the voluntary-involuntary rule," *Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988), which effectively eliminates orders from the list of papers whose receipt can trigger a right to remove and obviates consideration of their characteristics.

[6]*Wilson* arose in Georgia, where discovery responses are not ordinarily filed. Ga. Uniform Sup. Ct. Rule 5.2(1).

### B. Repetitive Removal.

The lawsuit challenges a policy of disability income overhead expense insurance ("overhead insurance"). The complaint alleges that McCants "was the Equitable agent who sold the overhead insurance to the plaintiff." (Complaint, ¶ 4). The complaint alleges that the defendants failed to disclose that the policy would not provide benefits if the plaintiff (as he eventually did) ceased being a business owner and became an employee. (*Id*., ¶¶ 5, 6). It also alleges that the plaintiff "applied for a policy of overhead insurance with Equitable through McCants," that he "relied on the expertise and judgment of McCants in purchasing the type of coverage needed," and that McCants negligently procured disability coverage that was inadequate to meet the plaintiff's needs. (*Id*., ¶¶ 5, 22-23). The complaint purports to state claims against McCants for bad faith, concealment, and negligent procurement.

The defendants first removed on the basis that "McCants had no involvement of any kind with plaintiff concerning The Equitable overhead expense policy." (Civil Action No. 06-0814-WS-C, Doc. 1, ¶ 23; *id*., Doc. 12 at 2). This position was supported by the affidavit of McCants, the declaration of F.D. DeVilleneuve (a Louisiana citizen and non-party who claimed to have sold the policy to McCants), and written materials concerning the policy, many of which credited DeVilleneuve with the sale and none of which mentioned McCants. The plaintiff, however, countered with his own affidavit, which insisted that he had dealt with McCants, and only McCants, in obtaining the policy. Because the Court was required to "resolve all questions of fact ... in favor of the plaintiff," *Legg*, 428 F.3d at 1323, the Court granted the motion to remand. (*Id*., Doc. 19).

The defendants' second removal reasserts that McCants had no dealings with the plaintiff, but its primary thrust is that, based on his deposition testimony, the plaintiff cannot create a fact issue as to whether McCants (assuming he dealt with the plaintiff) said, or failed to say, anything that could support a cause of action against him.

-6-

"[A] party is not entitled, under existing laws, to file a second petition for removal upon the same grounds, where upon the first removal by the same party, the federal court declined to proceed and remanded the suit ...." *St. Paul & C. Railway Co. v. McLean*, 108 U.S. 212, 217 (1883).  But this language does not prevent successive removals based on a claim of fraudulent joinder.  On the contrary, "a remand order that expressly addresses the theory of federal jurisdiction does not have res judicata effect on subsequent removals based on the same theory, provided that the subsequent removal petitions allege a different factual basis for seeking removal." *S.W.S. Erectors*, 72 F.3d at 493.  Thus, "section 1446(b) allows [a defendant] to file successive removals based on [a] different factual basis," at least where the different facts are obtained from the plaintiff.  *Id.*; *accord Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999); *O'Bryan v. Chandler*, 496 F.2d 403, 410 (10th Cir. 1974).  This is precisely the situation here; although both removals center on the theory of fraudulent joinder, the first questioned whether the plaintiff even dealt with McCants, while the second — on new facts drawn from the plaintiff and unavailable before his deposition — challenges the plaintiff's ability to establish that McCants did anything actionable.

The plaintiff ignores these cases.  Instead, he offers several others concluding that a second removal offended Section 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...."  (Doc. 5 at 4-5, 12-16).  This provision "bars ... reconsideration of the [remand] order by the remanding district court." *Burr & Forman v. Blair*, 470 F.3d 1019, 1034 (11th Cir. 2006).  In *Nicholson v. National Accounts, Inc.*, 106 F. Supp. 2d 1269 (S.D. Ala. 2000), Judge Vollmer ruled that this principle prevented a second removal "which simply supplies evidentiary support for the argument that the previous remand order was incorrect." *Id.* at 1271.  Thus, a second removal based on the plaintiff's deposition taken in state court after remand, and offered to show that the Court had incorrectly ruled that the plaintiff lacked standing under ERISA, amounted to "nothing

more than a creative attempt to have the court reconsider its prior remand order." *Id*. at 1272.  Judge DeMent has twice relied on *Nicholson* to like effect.  *Roughton v. Warner-Lambert Co.,* 2001 WL 910408 (M.D. Ala. 2001); *Moates v. Cargill, Inc*., 2001 WL 910410 (M.D. Ala. 2001).[7]

*Nicholson* and its progeny cited no authority for the proposition that the statutory bar on reconsideration of remand orders extends to second removals, and it is not clear how Section 1447(d) could impose a greater restriction on second removals than does Section 1446(b).  At any rate, *Nicholson* does not apply when the second removal invokes a "new factual basis on which to determine the diversity jurisdiction issue." *Shields v. Washington National Insurance Co.*, 375 F. Supp. 2d 1346, 1349 (M.D. Ala. 2005).  Thus, in *Shields*,  a second removal fell outside *Nicholson* when the plaintiff's deposition supported "a different theory of a statute of limitations bar" than that asserted on the first removal.  *Id*.  Similarly, the defendants here do not argue simply that the Court incorrectly found a fact issue as to whether the plaintiff dealt with McCants; instead, they argue that, regardless of that issue, the plaintiff cannot establish a legal violation by McCants.

## II.  Fraudulent Joinder.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).   "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co*., 709 F.2d 1433, 1440-41 (11th Cir. 1983).  Conversely, if no such

---

[7]The plaintiff also cites *Collins v. Fingerhut Companies, Inc*., 117 F. Supp. 2d 1283 (S.D. Ala. 2000), but in that case the second removal was based only on additional case law, not evidence from the plaintiff.

possibility exists, the joinder is fraudulent as a matter of law.  *Id.* at 1440.  There must be "no *reasonable* possibility" of legal liability; a mere *theoretical* possibility will not prevent a conclusion of fraudulent joinder.  *Legg*, 428 F.3d at 1325 & n.5 (emphasis added).  The burden is on the defendants to make the required showing by clear and convincing evidence.  *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  In addition to the complaint, the Court may consider evidence submitted by the parties in determining whether the resident defendant was fraudulently joined.  *Legg*, 428 3d at 1322.  "In such a proceeding, the district court must resolve all questions of fact ... in favor of the plaintiff."  *Id.* at 1323 (internal quotes omitted).

In order to carry their burden of showing fraudulent joinder, the defendants must show that there is no reasonable possibility a state court would find the plaintiff can prevail on any of his three causes of action against McCants.  The Court reviews these claims in turn.

The complaint appears to allege that McCants is liable for bad faith refusal to honor an insurance claim.  A claim of bad faith can lie only against a party to the insurance contract.[8]  The complaint does not allege that McCants was a party to the insurance policy, nor does the plaintiff now make such an improbable assertion.  As a matter of law, there is no reasonable possibility that an Alabama court would conclude that the plaintiff has a cause of action against McCants for bad faith.

The complaint alleges that McCants concealed from the plaintiff the fact that the policy would not provide benefits if he did not own the business in which he practiced. (Complaint, ¶ 17).  The plaintiff's deposition, however, reveals that he has no evidence that McCants failed to advise him of this fact.  The plaintiff testified, firmly and consistently, that he has no memory of any portion of his conversations with McCants concerning the policy, not even their "generalities."  (Plaintiff's Deposition at 85-87, 90,

---

[8]*E.g., White v. State Farm Fire & Casualty Co.*, 953 So. 2d 340, 347 (Ala. 2006); *Ligon Furniture Co. v. O.M. Hughes Insurance, Inc.*, 585 So. 2d 283, 285 (Ala. 1989).

100-03, 105).

In order to prevail on a claim of concealment or suppression, the plaintiff must prove that the defendant, having a duty to disclose a material fact, failed to disclose that material fact.[9]  The plaintiff cannot possibly sustain this burden, because only he and McCants could testify as to what transpired between them, McCants denies having any conversations with the plaintiff about an overhead policy, and the plaintiff has no memory of what McCants did or did not say.  As a matter of law, there is no reasonable possibility that an Alabama court would conclude that the plaintiff has a cause of action against McCants for concealment.

The complaint alleges that McCants was negligent because the policy he allegedly procured provided overhead coverage only if the plaintiff was an owner.  (Complaint, ¶¶ 6, 22-23).  The plaintiff, however, has no evidence that he requested McCants to procure an overhead policy that would protect him if he ceased being an owner.  In deposition he testified that he has no recollection of any information he gave McCants regarding the policy he wanted.  (Plaintiff's Deposition at 103).  More generally, he testified repeatedly and uniformly that he has no memory of any portion of his conversation with McCants.

In order to prevail on a claim of negligent procurement, the plaintiff must prove that the coverage obtained was not the coverage requested.[10]  The plaintiff cannot

_____

[9]*E.g., ITT Specialty Risk Services, Inc. v. Barr*, 842 So. 2d 638, 645 (Ala. 2002); *Ex parte Walden*, 785 So. 2d 335, 338 (Ala. 2000).

[10]*E.g., Kanellis v. Pacific Indemnity Co.*, 917 So. 2d 149, 155 (Ala. Civ. App. 2005) (a claim of negligent failure to  procure adequate insurance requires proof of both a duty to procure the insurance and a breach of that duty; a defendant could be liable if it agrees to obtain "full coverage" but does not obtain coverage for diminution in value); *Thompson v. United Companies Lending Corp*., 699 So. 2d 169, 175 (Ala. Civ. App. 1997) (defendant liable when it breached its undertaking to provide "full coverage" by failing to obtain contents coverage); *Hoseid v. State Farm Mutual Automobile Insurance Company*, 431 So. 2d 1314, 1315 (Ala. Civ. App. 1983) (defendants were entitled to summary judgment when plaintiff presented no evidence that they agreed to provide collision coverage in addition to comprehensive).

-10-

possibly sustain this burden, because only he and McCants could testify as to their arrangement, McCants denies there was one, and the plaintiff cannot recall what it was. As a matter of law, there is no reasonable possibility that an Alabama court would conclude that the plaintiff has a cause of action against McCants for negligent procurement.

Although each of these arguments was presented in the notice of removal and repeated in the defendants' brief in opposition to remand, the plaintiff ignores them. Instead, he argues at length that there remains an issue of fact as to whether he dealt with McCants at all.  (Doc. 5 at 20-23).  As discussed in Part I.B, that was the focus of the first removal, but not the second.  The plaintiff's efforts are thus as unavailing as his frequent references to the exacting standards of "clear and convincing evidence" and "no reasonable possibility" — marks the defendants have easily met given the plaintiff's deposition testimony.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand is **denied**.


DONE and ORDERED this 27th day of August, 2007.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE