IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. SUDDUTH, etc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 07-0436-WS-C |
| | ) | |
| EQUITABLE LIFE ASSURANCE | ) | |
| SOCIETY, etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the defendants' motion for leave to amend their answer in order to raise defenses under ERISA. (Doc. 25 & Exhibit 1 at 16). The motion is based on responses to third-party discovery promulgated by the defendants sometime after September 6, 2007 and received by them on or about November 7, 2007. The plaintiff has filed a response and the defendants a reply, (Docs. 27, 28), and the motion is ripe for resolution.

The motion was filed before the deadline established by the Magistrate Judge (upon the parties' joint request) for filing such motions. (Doc. 15 at 3, ¶ 5; Doc. 16 at 2, ¶ 4). Thus, the "good cause" requirement for amending a scheduling order is not in play, Fed. R. Civ. P. 16(b), and the motion is governed only by Rule 15(a).

The defendants may amend "only by leave of court," but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, leave should be given "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (internal quotes omitted). The plaintiff invokes both

undue delay and undue prejudice. (Doc. 27 at 1).

     As for delay, the plaintiff notes that he filed suit in state court in November 2006 and that the defendants could have discovered the information made the basis of the proposed defenses much earlier than they did. The case, however, was timely removed three weeks after it was filed and was pending in this Court, without discovery, until it was remanded in February 2007. Immediately upon remand, the defendants served a notice of deposition of the plaintiff, but he filed an objection to the notice, (Doc. 1, Exhibit B, Part 2 at 98-106), and the deposition was delayed until May 2007. The defendants timely removed in June 2007, based on the fraudulent joinder of the resident defendant as exposed by that deposition. Back in federal court, discovery was held in abeyance pending the parties' Rule 26(f) meeting,[1] which did not occur until September 6, 2007. (Doc. 15 at 1). The third-party discovery that revealed the factual basis of the defendants' ERISA defenses was promulgated shortly thereafter, and the responses received on or about November 7, 2007. The instant motion was filed 23 days later.

     Given this history of methodical efforts in the short period available for discovery; the recent discovery of a factual basis for the ERISA defenses; and the prompt filing of a motion for leave to amend thereafter, there is no basis for asserting that the defendants have unduly delayed in asserting ERISA defenses. The plaintiff cites no case finding undue delay as a basis for denying leave to amend on even remotely similar facts, and his unsupported suggestion that the defendants were required to plead ERISA defenses before they had any basis for doing so must be summarily rejected as proposing that parties violate Rule 11 in order to satisfy Rule 15(a).

     As for prejudice, the plaintiff asserts that he has "nicely boxed and packaged" his claim for breach of contract in his pending motion for partial summary judgment, which could be undone if the defendants are allowed to assert ERISA defenses to that claim (and his tort claims). (Doc. 27 at 4). That may be inconvenient to the plaintiff, but it does not

---

[1] Local Rule 26.1(c).

unduly prejudice him.  As his own authority states, "the fact that one party has spent time and money preparing for trial will usually not be deemed prejudice sufficient to warrant a deviation from the rule broadly allowing amendment to pleadings."  *Monahan v. Department of Corrections*, 214 F.3d 275, 284 (2nd Cir. 2000).

Finally, there is no rule, as the plaintiff suggests, that an affirmative defense not asserted in the original answer in forever waived.  In the plaintiff's cited cases, waiver was found only when the defendant never moved to amend the answer or did so late in the proceedings.

For the reasons set forth above, the defendants' motion for leave to amend their answer is **granted**.  The defendants are **ordered** to file and serve the amended answer on or before **December 21, 2007**.

DONE and ORDERED this 17th day of December, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
