IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. SUDDUTH, etc., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 07-0436-WS-C |
| | ) | |
| EQUITABLE LIFE ASSURANCE | ) | |
| SOCIETY, etc., et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on the defendants' motion under Rule 56(f)[1] to continue the response deadline to the plaintiff's motion for partial summary judgment. (Doc. 23). The plaintiff was extended the opportunity to respond, (Doc. 24), but elected not to do so, and the motion is ripe for resolution.

"A Rule 56(f) motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment. [citation omitted] Whether to grant or deny a Rule 56(f) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden the discovery will place on the opposing party." *Harbert International, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).

The complaint alleges that the defendants issued a disability income overhead expense policy and/or adjusted the plaintiff's claim under that policy. The complaint

---

[1] "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f).

alleges that the defendants terminated payments under the policy once the plaintiff dissolved his original practice, in which he was a part owner, and became an employee of another practice.  According to the complaint, the defendants incorrectly maintain that the policy applies only if the insured is an owner and not if he is an employee.  The complaint asserts several tort claims, but the plaintiff has moved for partial summary judgment only as to his claim for breach of contract.  He seeks partial summary judgment on that claim in the amount of $281,302.26, including policy benefits plus interest.  (Doc. 20 at 14 & Exhibit 8 at 2, ¶¶ 5-6).

By affidavit the defendants assert that they received discovery responses in November 2007 indicating the plaintiff's claim for breach of contract may be preempted by ERISA, and the e-mails they attach to their motion do suggest the existence of a question as to the source of funds used to pay the policy premiums.  The affidavit also asserts the need for discovery concerning the expenses for which the plaintiff is seeking reimbursement in his motion for partial summary judgment to determine the extent to which they fall within the policy's coverage.  On their face, these assertions furnish appropriate grounds for delaying ruling on the plaintiff's motion, establishing the defendants' "demonstrated need for discovery."  The plaintiff, who did not respond to the instant motion, has identified no "burden the discovery will place" on him, and the Court detects none.  This is especially so since the defendants propose to complete the necessary discovery and respond to the plaintiff's motion by January 31, 2008, well before the discovery period established by previous order expires.

For the reasons set forth above, the defendants' motion to continue is **granted**.  The briefing schedule previously entered, (Doc. 21), is superseded as follows.  The defendants are **ordered** to file and serve any response to the plaintiff's motion for partial summary judgment on or before **January 31, 2008**.  The plaintiff is **ordered** to file and serve any reply on or before **February 14, 2008**.  The Court will take the motion for partial summary judgment under submission on **February 15, 2008**.

DONE and ORDERED this 17th day of December, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
